## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BONUTTI SKELETAL INNOVATIONS LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. _____ |
| | ) ) | **JURY TRIAL DEMANDED** |
| DEPUY MITEK LLC, DEPUY INSTITUTE LLC, DEPUY, INC. AND DEPUY ORTHOPAEDICS, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

### ORIGINAL COMPLAINT

Bonutti Skeletal Innovations LLC ("Bonutti Skeletal") hereby asserts claims of patent infringement against DePuy Mitek LLC, DePuy, Inc. and DePuy Orthopaedics, Inc. (collectively, "DePuy" or "Defendants"), and alleges as follows:

### THE PARTIES

1.      Bonutti Skeletal is a Delaware limited liability company having a place of business at 6136 Frisco Square Blvd., Suite 385, Frisco, TX 75034.

2.      On information and belief, DePuy Mitek LLC is a Massachusetts limited liability company having a principal place of business at 325 Paramount Drive, Raynham, MA 02767.

3.      On information and belief, DePuy Institute LLC ("the DePuy Institute") is a Delaware limited liability company having a principal place of business at 325 Paramount Drive, Raynham, MA 02767.

06024143

4.     On information and belief, DePuy, Inc. is a Delaware corporation having a place of business at 700 Orthopaedic Drive, Warsaw, IN 46582.

5.     On information and belief, DePuy Orthopaedics, Inc. is an Indiana corporation having a place of business at 700 Orthopaedic Drive, Warsaw, IN 46582.

6.     On information and belief, DePuy Orthopaedics, Inc. is a wholly owned subsidiary of DePuy, Inc.

## PATENTS-IN-SUIT

7.     U.S. Patent No. 7,087,073 ("the '073 patent"), entitled "Method of Securing of Body Tissue," was lawfully issued on August 8, 2006 to the inventor Peter M. Bonutti ("Dr. Bonutt"). Bonutti Skeletal is the owner, through assignment, of the title, interest and rights to enforce and collect damages for all past, present and future infringements of the '073 patent by the accused products and the use thereof. A copy of the '073 patent is attached as Exhibit A.

8.     U.S. Patent No. 5,527,343 ("the '343 patent"), entitled "Suture Anchor," was lawfully issued on June 18, 1996 to the inventor Dr. Bonutti. Bonutti Skeletal is the owner, through assignment, of the title, interest and rights to enforce and collect damages for all past, present and future infringements of the '343 patent by the accused products and the use thereof. A copy of the '343 patent is attached as Exhibit B.

9.     U.S. Patent No. 5,980,559 ("the '559 patent"), entitled "Suture Anchor," was lawfully issued on November 9, 1999 to the inventor Dr. Bonutti. Bonutti Skeletal is the owner, through assignment, of the title, interest and rights to enforce and collect damages for all past, present and future infringements of the '559 patent by the accused products and the use thereof. A copy of the '559 patent is attached as Exhibit C.

10.     U.S. Patent No. 5,718,717 ("the '717 patent"), entitled "Suture Anchor," was lawfully issued on February 17, 1998 to the inventor Dr. Bonutti.  Bonutti Skeletal is the owner, through assignment, of the title, interest and rights to enforce and collect damages for all past, present and future infringements of the '717 patent by the accused products and the use thereof. A copy of the '717 patent is attached as Exhibit D.

11.     U.S. Patent No. 7,806,896 ("the '896 patent"), entitled "Knee Arthroplasty Method," was lawfully issued on October 5, 2010 to the inventor Dr. Bonutti.  Bonutti Skeletal is the owner, through assignment, of the title, interest and rights to enforce and collect damages for all past, present and future infringements of the '896 patent by the accused products and the use thereof.  A copy of the '896 patent is attached as Exhibit E.

12.     U.S. Patent No. 6,702,821 ("the '821 patent"), entitled "Instrumentation For Minimally Invasive Joint Replacement And Methods For Using Same," was lawfully issued on March 9, 2004 to the inventor Dr. Bonutti.  Bonutti Skeletal is the owner, through assignment, of the title, interest and rights to enforce and collect damages for all past, present and future infringements of the '821 patent by the accused products and the use thereof.  A copy of the '821 patent is attached as Exhibit F.

## BACKGROUND

13.     Dr. Bonutti is an orthopedic surgeon with experience in performing over 20,000 orthopedic surgical procedures.

14.     Because of Dr. Bonutti's expertise, insights, experience and research efforts, Dr. Bonutti is an inventor or co-inventor of over 150 U.S. patents, including the '073 patent, the '343 patent, the '559 patent, the '717 patent, the '896 patent and the '821 patent (collectively, "the patents-in-suit").

15.     The '073 patent, the '343 patent, the '559 patent and the '717 patent involve specialized procedures, instruments, systems, kits and apparatuses invented by Dr. Bonutti relating to suture anchors and suture anchor related instruments used in certain surgical procedures, including, for example, bone and joint fixation and body-tissue re-attachment.

16.     The '896 patent and the '821 patent involve specialized procedures, instruments, implants, kits and systems invented by Dr. Bonutti for performing minimally invasive knee surgery.

17.     On information and belief, DePuy designs, develops, manufactures, offers for sale, sells, uses, distributes and markets suture anchors and/or suture anchor related instruments and products used in certain surgical procedures.

18.     On information and belief, DePuy designs, develops, manufactures, offers for sale, sells, uses, distributes and markets knee implants and surgical instruments used in minimally invasive knee surgery.

19.     On information and belief, DePuy creates, distributes and otherwise makes available to surgeons and the public at large instructions for use and/or videos on surgical techniques, including, but not limited to, the Versalock Surgical Technique for Rotator Cuff Repair, which use DePuy suture anchors and/or suture anchor related instruments and products, including, but not limited to, DePuy Mitel Versalock, Spiralok, Fastin, Panalok, Minilock, MicroFix, Quickanchor, Bioknotless, Healix and Lupine products.

20.     On information and belief, DePuy creates, distributes and otherwise makes available to surgeons and the public at large instructions for use and/or videos on surgical techniques for implanting DePuy knee implants including, but not limited to, the Sigma High Performance Partial Knee and associated instruments and surgical technique guides.

4

21.     On information and belief, DePuy creates, distributes and otherwise makes available to surgeons and the public at large instructions for use and/or videos on DePuy surgical instruments for implanting DePuy knee implants, including, but not limited to, Sigma High Performance Partial Knee, including creating, distributing and otherwise making available to surgeons and the public at large instructions and/or videos on the use of these DePuy surgical instruments.

22.     On information and belief, DePuy, through at least the DePuy Institute, located in Rayham, MA, offers nearly 300 courses annually, including courses on knee and shoulder surgery and courses on DePuy Mitek LLC products.   On information and belief, the DePuy Institute facility, located in Massachusetts, includes 19 lab stations, six training rooms and eight conference rooms.   On information and belief, the DuPuy Institute offers hands-on training and offers an Education Through Visitation program that invites orthopaedic surgeons to attend live surgeries.

23.     At least as early as 2006, Dr. Bonutti, either directly or through representatives, was in communication with certain DePuy entities regarding certain of Dr. Bonutti's intellectual property rights.

24.     On information and belief, as a result of this contact and communication between Dr. Bonutti and DePuy, as well as the activities of DePuy in the fields of suture anchors and knee implants, DePuy was aware of the patenting activities of Dr. Bonutti and had knowledge of Dr. Bonutti's patent portfolio and the patents-in-suit.

## JURISDICTION AND VENUE

25.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq.

26.     This Court has personal jurisdiction over Defendants because, among other things, on information and belief, DePuy Mitek LLC is a Massachusetts limited liability company, and DePuy Mitek LLC and The DePuy Institute LLC both have their principal place of business in Massachusetts and are engaged in continuous and systematic activity within Massachusetts and, on information and belief, DePuy, Inc. and DePuy Orthopaedics, Inc. engage in substantial business with DePuy Mitek LLC and the DePuy Institute and as a result have continuous and systematic contacts within Massachusetts.  On information and belief, DePuy Orthopaedics, Inc. is registered to do business in Massachusetts and has a registered agent within Massachusetts.

27.     On information and belief, Defendants transact business in Massachusetts and contract to supply goods and services in Massachusetts and this cause of action arises from this activity.

28.     On information and belief, Defendants offer to sell, sell and distribute their suture anchors, suture anchor related instruments and products, and knee implants and related surgical instruments, which either infringe one or more of the patents-in-suit or are for use in infringing procedures, to healthcare institutions and/or medical professionals within Massachusetts.  On information and belief, Defendants' suture anchors, suture anchor related instruments and products, and knee implants and related surgical instruments are used, including in infringing procedures, by healthcare institutions and/or medical professionals within Massachusetts.  On

information and belief, Defendants, independently and/or collectively, have committed, contributed to and/or induced acts of patent infringement within Massachusetts.

29.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT I – INFRINGEMENT OF THE '073 PATENT

30.    Bonutti Skeletal realleges and incorporates by reference each of the preceding paragraphs.

31.    On information and belief, Defendants, directly or through the actions of its employees, divisions and/or subsidiaries, have infringed and continue to infringe the '073 patent directly, indirectly (by inducing infringement by others or contributing to infringement), jointly, literally and/or equivalently.

32.    On information and belief, Defendants have infringed and continue to infringe the '073 patent, directly, indirectly, jointly, literally and/or by equivalents, by, among other things, making, using, offering for sale, selling and/or importing within the United States suture anchors and/or suture anchor related instruments and products for use in a manner that practices the method of at least claims 35 and/or 39 of the '073 patent, and/or by, among other things, instructing and encouraging medical professionals to use DePuy suture anchors and/or suture anchor related instruments and products in a manner that practices the method of at least claims 35 and/or 39 of the '073 patent. The suture anchors and products include, but are not limited to, the Mitek Versalock, the Spiralok and the Fastin RC, and associated instruments, products and surgical technique guides, including, but not limited to, those for the Versalock Surgical Technique for Rotator Cuff Repair.

33.    On information and belief, surgeons, physicians and medical professionals have infringed and continue to infringe the '073 patent, directly, indirectly, jointly, literally and by

equivalents, by, among other things, using DePuy suture anchors and/or suture anchor related instruments and products, including, but not limited to, the Mitek Versalock, the Spiralok and the Fastin RC, in the United States in a manner that practices the method of at least claims 35 and/or 39 of the '073 patent.

34.     On information and belief, Defendants had and continue to have knowledge and are aware of Dr. Bonutti's patents, including the '073 patent.

35.     On information and belief, Defendants have infringed and continue to infringe the '073 patent, directly, indirectly, jointly, literally and by equivalents, by, among other things, encouraging, instructing, contributing to the infringement of, and otherwise encouraging, promoting and inducing surgeons, physicians and medical professionals to use within the United States DePuy suture anchors and/or suture anchor related instruments and products in a manner that practices the method of at least claims 35 and/or 39 of the '073 patent, by, for example, creating and distributing instructions for use and surgical technique guides, including, but not limited to, the Versalock Surgical Technique for Rotator Cuff Repair, for DePuy suture anchors and/or suture anchor related instruments and products, including, but not limited to, the Mitek Versalock, the Spiralok and the Fastin RC, that instruct use of these DePuy products in a manner that practices the method of at least claims 35 and/or 39 of the '073 patent, and by designing, manufacturing, offering for sale, selling and instructing of surgeons, physicians and medical professionals in the use of suture anchor related instruments and products for use with DePuy suture anchors, including, but not limited to, the Mitek Versalock, the Spiralok and the Fastin RC, that are specially designed for use in and are used in a manner that practices the method of at least claims 35 and/or 39 of the '073 patent.

36.    On information and belief, Defendants' infringement of the '073 patent is and has been willful and deliberate.

## COUNT II – INFRINGEMENT OF THE '343 PATENT

37.    Bonutti Skeletal realleges and incorporates by reference each of the preceding paragraphs.

38.    On information and belief, Defendants, directly or through the actions of its employees, divisions and/or subsidiaries, have infringed and continue to infringe the '343 patent directly, indirectly (by inducing infringement by others or contributing to infringement), jointly, literally and/or equivalently.

39.    On information and belief, Defendants have infringed and continue to infringe the '343 patent, directly, indirectly, jointly, literally and/or by equivalents, by, among other things, making, using, offering for sale, selling and/or importing within the United States suture anchors and/or suture anchor related instruments and products for use in a manner that practices the method of at least claim 1 of the '343 patent, and/or by, among other things, instructing and encouraging medical professionals to use DePuy suture anchors and/or suture anchor related instruments and products in a manner that practices the method of at least claim 1 of the '343 patent.  The suture anchors and products include, but are not limited to, the Panalok RC, the MiniLok Absorbable Quickanchor Plus, the Microfix Absorbable Quickanchor Plus, the MiniLok, the MicroFix, the Panalok, the Bioknotless, the Bioknotless BR, the Lupine BR, the Bioknotless RC, the Bioknotless Plus and the Lupine Plus, and associated instruments, products and surgical technique guides.

40.    On information and belief, surgeons, physicians and medical professionals have infringed and continue to infringe the '343 patent, directly, indirectly, jointly, literally and by

9

equivalents, by, among other things, using DePuy suture anchors and/or suture anchor related instruments and products, including, but not limited to, the Panalok RC, the Minilok Absorbable Quickanchor Plus, the Microfix Absorbable Quickanchor Plus, the Minilok, the MicroFix, the Panalok, the Bioknotless, the Bioknotless BR, the Lupine BR, the Bioknotless RC, the Bioknotless Plus and the Lupine Plus, in the United States in a manner that practices the method of at least claim 1 of the '343 patent.

41.    On information and belief, Defendants had and continue to have knowledge and are aware of Dr. Bonutti's patents, including the '343 patent.

42.    On information and belief, Defendants have infringed and continue to infringe the '343 patent, directly, indirectly, jointly, literally and by equivalents, by, among other things, encouraging, instructing, contributing to the infringement of, and otherwise encouraging, promoting and inducing surgeons, physicians and medical professionals to use within the United States DePuy suture anchors and/or suture anchor related instruments and products in a manner that practices the method of at least claim 1 of the '343 patent, by, for example, creating and distributing instructions for use and surgical technique guides for DePuy suture anchors and/or suture anchor related instruments and products, including, but not limited to, the Panalok RC, the Minilok Absorbable Quickanchor Plus, the Microfix Absorbable Quickanchor Plus, the Minilok, the MicroFix, the Panalok, the Bioknotless, the Bioknotless BR, the Lupine BR, the Bioknotless RC, the Bioknotless Plus and the Lupine Plus, that instruct use of these DePuy products in a manner that practices the method of at least claim 1 of the '343 patent, and by designing, manufacturing, offering for sale, selling and instructing of surgeons, physicians and medical professionals in the use of suture anchor related instruments and products for use with DePuy suture anchors, including, but not limited to, the Panalok RC, the Minilok Absorbable

Quickanchor Plus, the Microfix Absorbable Quickanchor Plus, the Minilok, the MicroFix, the Panalok, the Bioknotless, the Bioknotless BR, the Lupine BR, the Bioknotless RC, the Bioknotless Plus and the Lupine Plus, that are specially designed for use in and are used in a manner that practices the method of at least claim 1 of the '343 patent.

43.     On information and belief, Defendants' infringement of the '343 patent is and has been willful and deliberate.

## COUNT III – INFRINGEMENT OF THE '559 PATENT

44.     Bonutti Skeletal realleges and incorporates by reference each of the preceding paragraphs.

45.     On information and belief, Defendants, directly or through the actions of its employees, divisions and/or subsidiaries, have infringed and continue to infringe the '559 patent directly, indirectly (by inducing infringement by others or contributing to infringement), jointly, literally and/or equivalently.

46.     On information and belief, Defendants have infringed and continue to infringe the '559 patent, directly, indirectly, jointly, literally and/or by equivalents, by, among other things, making, using, offering for sale, selling and/or importing within the United States suture anchors and/or suture anchor related instruments and products embodying at least claims 13, 24, 34 and/or 47 of the '559 patent, and/or by, among other things, instructing and encouraging medical professionals to use DePuy suture anchors and/or suture anchor related instruments and products embodying at least claims 13, 24, 34 and/or 47 of the '559 patent.  The suture anchors and products include, but are not limited to, the Panalok RC, the Bioknotless and the Bioknotless RC, BR and Plus, the Lupine BR and Loop Plus, the Minilok Absorbable Quickanchor Plus, the

MicroFix Absorbable Quickanchor Plus, the Spiralok and the Healix BR, and associated instruments, products and surgical technique guides.

47.     On information and belief, surgeons, physicians and medical professionals have infringed and continue to infringe the '559 patent, directly, indirectly, jointly, literally and by equivalents, by, among other things, using in the United States DePuy suture anchors and/or suture anchor related instruments and products, including, but not limited to, the Panalok RC, the Bioknotless and the Bioknotless RC, BR and Plus, the Lupine BR and Loop Plus, the Minilok Absorbable Quickanchor Plus, the MicroFix Absorbable Quickanchor Plus, the Spiralok and the Healix BR, that embody at least claims 13, 24, 34 and/or 47 of the '559 patent.

48.     On information and belief, Defendants had and continue to have knowledge and are aware of Dr. Bonutti's patents, including the '559 patent.

49.     On information and belief, Defendants have infringed and continue to infringe the '559 patent, directly, indirectly, jointly, literally and by equivalents, by, among other things, encouraging, instructing, contributing to the infringement of, and otherwise encouraging, promoting and inducing others to make, use, offer for sale, sell and/or import within the United States DePuy suture anchors and/or suture anchor related instruments and products embodying at least claims 13, 24, 34 and/or 47 of the '559 patent, by, for example, promoting, offering for sale, selling and/or distributing DePuy suture anchors and/or suture anchor related products, including, but not limited to, the Panalok RC, the Bioknotless and the Bioknotless RC, BR and Plus, the Lupine BR and Loop Plus, the Minilok Absorbable Quickanchor Plus, the MicroFix Absorbable Quickanchor Plus, the Spiralok and the Healix BR, that embody at least claims 13, 24, 34 and/or 47 of the '559 patent, by creating and distributing instructions for use and surgical technique guides for DePuy suture anchors and/or suture anchor related instruments and

products, including, but not limited to, the Panalok RC, the Bioknotless and the Bioknotless RC, BR and Plus, the Lupine BR and Loop Plus, the Minilok Absorbable Quickanchor Plus, the MicroFix Absorbable Quickanchor Plus, the Spiralok and the Healix BR, that embody at least claims 13, 24, 34 and/or 47 of the '559 patent, and by designing, manufacturing, promoting, offering for sale, selling and instructing surgeons, physicians and medical professionals in the use of suture anchor related instruments and products specially designed to promote use of DePuy suture anchors, including, but not limited to, the Panalok RC, the Bioknotless and the Bioknotless RC, BR and Plus, the Lupine BR and Loop Plus, the Minilok Absorbable Quickanchor Plus, the MicroFix Absorbable Quickanchor Plus, the Spiralok and the Healix BR, that embody at least claims 13, 24, 34 and/or 47 of the '559 patent.

50.     On information and belief, Defendants' infringement of the '559 patent is and has been willful and deliberate.

## COUNT IV – INFRINGEMENT OF THE '717 PATENT

51.     Bonutti Skeletal realleges and incorporates by reference each of the preceding paragraphs.

52.     On information and belief, Defendants, directly or through the actions of its employees, divisions and/or subsidiaries, have infringed and continue to infringe the '717 patent directly, indirectly (by inducing infringement by others or contributing to infringement), jointly, literally and/or equivalently.

53.     On information and belief, Defendants have infringed and continue to infringe the '717 patent, directly, indirectly, jointly, literally and/or by equivalents, by, among other things, making, using, offering for sale, selling and/or importing within the United States suture anchors and/or suture anchor related instruments and products for use in a manner that practices the

method of at least claim 93 of the '717 patent, and/or by, among other things, instructing and encouraging medical professionals to use DePuy suture anchors and/or suture anchor related instruments and products in a manner that practices the method of at least claim 93 of the '717 patent.  The suture anchors and products include, but are not limited to, the Panalok RC, the Bioknotless and the Bioknotless RC, BR and Plus, the Lupine BR and Loop Plus, the Minilok Absorbable Quickanchor Plus and the MicroFix Absorbable Quickanchor Plus, and associated instruments, products and surgical technique guides.

54.     On information and belief, surgeons, physicians and medical professionals have infringed and continue to infringe the '717 patent, directly, indirectly, jointly, literally and by equivalents, by, among other things, using DePuy suture anchors and/or suture anchor related instruments and products, including, but not limited to, the Panalok RC, the Bioknotless and the Bioknotless RC, BR and Plus, the Lupine BR and Loop Plus, the Minilok Absorbable Quickanchor Plus and the MicroFix Absorbable Quickanchor Plus, in the United States in a manner that practices the method of at least claim 93 of the '717 patent.

55.     On information and belief, Defendants had and continue to have knowledge and are aware of Dr. Bonutti's patents, including the '717 patent.

56.     On information and belief, Defendants have infringed and continue to infringe the '717 patent, directly, indirectly, jointly, literally and by equivalents, by, among other things, encouraging, instructing, contributing to the infringement of, and otherwise encouraging, promoting and inducing surgeons, physicians and medical professionals to use within the United States DePuy suture anchors and/or suture anchor related instruments and products in a manner that practices the method of at least claim 93 of the '717 patent, by, for example, creating and distributing instructions for use and surgical technique guides for DePuy suture anchors and/or

suture anchor related instruments and products, including, but not limited to, the Panalok RC, the Bioknotless and the Bioknotless RC, BR and Plus, the Lupine BR and Loop Plus, the Minilok Absorbable Quickanchor Plus and the MicroFix Absorbable Quickanchor Plus, that instruct use of these DePuy products in a manner that practices the method of at least claim 93 of the '717 patent, and by designing, manufacturing, offering for sale, selling and instructing of surgeons, physicians and medical professionals in the use of suture anchor related instruments and products for use with DePuy suture anchors, including, but not limited to, the Panalok RC, the Bioknotless and the Bioknotless RC, BR and Plus, the Lupine BR and Loop Plus, the Minilok Absorbable Quickanchor Plus and the MicroFix Absorbable Quickanchor Plus, that are specially designed for use in and are used in a manner that practices the method of at least claim 93 of the '717 patent.

57.     On information and belief, Defendants' infringement of the '717 patent is and has been willful and deliberate.

## COUNT V – INFRINGEMENT OF THE '896 PATENT

58.     Bonutti Skeletal realleges and incorporates by reference each of the preceding paragraphs.

59.     On information and belief, Defendants, directly or through the actions of its employees, divisions and/or subsidiaries, have infringed and continue to infringe the '896 patent directly, indirectly (by inducing infringement by others or contributing to infringement), jointly, literally and/or equivalently.

60.     On information and belief, Defendants have infringed and continue to infringe the '896 patent, directly, indirectly, jointly, literally and/or by equivalents, by, among other things, making, using, offering for sale, selling and/or importing within the United States knee implants

and/or surgical instruments for use in a manner that practices the method of at least claim 1 of the '896 patent, and/or by, among other things, using and implanting (and/or instructing and encouraging medical professionals to implant) DePuy knee implants and/or using (and/or instructing and encouraging medical professionals to use) DePuy surgical instruments in a manner that practices the method of at least claim 1 of the '896 patent.  The knee implants products include, but are not limited to, the Sigma High Performance Partial Knee and/or associated instruments, products and surgical technique guides, including the Sigma Unicondylar Surgical Technique guide.

61.     On information and belief, surgeons, physicians and medical professionals have infringed and continue to infringe the '896 patent, directly, indirectly, jointly, literally and by equivalents, by, among other things, using and implanting DePuy knee implants, including, but not limited to, the Sigma High Performance Partial Knee, and/or using DePuy surgical instruments, including those designed, manufactured, offered for sale, sold, promoted and marketed by DePuy for use in implanting DePuy knee implants, including, but not limited to, the Sigma High Performance Partial Knee, in the United States in a manner that practices the method of at least claim 1 of the '896 patent.

62.     On information and belief, Defendants had and continue to have knowledge and are aware of Dr. Bonutti's patents, including the '896 patent.

63.     On information and belief, Defendants have infringed and continue to infringe the '896 patent, directly, indirectly, jointly, literally and by equivalents, by, among other things, encouraging, instructing, contributing to the infringement of, and otherwise encouraging, promoting and inducing surgeons, physicians and medical professionals to use and implant within the United States DePuy knee implants and/or to use DePuy surgical instruments in a

manner that practices the method of at least claim 1 of the '896 patent, by, for example, creating and distributing instructions for use and surgical technique guides for DePuy knee implants, including, but not limited to, the Sigma High Performance Partial Knee and associated instruments, and by designing, manufacturing, offering for sale, selling and instructing of surgeons, physicians and medical professionals in the use of instruments specially designed and used for implanting DePuy knee implants, including, but not limited to, the Sigma High Performance Partial Knee, in a manner that practices the method of at least claim 1 of the '896 patent.

64.    On information and belief, Defendants' infringement of the '896 patent is and has been willful and deliberate.

## COUNT VI – INFRINGEMENT OF THE '821 PATENT

65.    Bonutti Skeletal realleges and incorporates by reference each of the preceding paragraphs.

66.    On information and belief, Defendants, directly or through the actions of its employees, divisions and/or subsidiaries, have infringed and continue to infringe the '821 patent directly, indirectly (by inducing infringement by others or contributing to infringement), jointly, literally and/or equivalently.

67.    On information and belief, Defendants have infringed and continue to infringe the '821 patent, directly, indirectly, jointly, literally and/or by equivalents, by, among other things, making, using, offering for sale, selling and/or importing within the United States knee implants and/or surgical instruments for use in a manner that practices the method of at least claim 1 of the '821 patent, and/or by, among other things, using and implanting (and/or instructing and encouraging medical professionals to implant) DePuy knee implants and/or using (and/or

instructing and encouraging medical professionals to use) DePuy surgical instruments in a manner that practices the method of at least claim 1 of the '821 patent. The knee implants and products include, but are not limited to, the Sigma High Performance Partial Knee and/or associated instruments, products and surgical technique guides, including the Sigma Unicondylar Surgical Technique guide.

68.     On information and belief, surgeons, physicians and medical professionals have infringed and continue to infringe the '821 patent, directly, indirectly, jointly, literally and by equivalents, by, among other things, using and implanting DePuy knee implants, including, but not limited to, the Sigma High Performance Partial Knee, and/or using DePuy surgical instruments, including those designed, manufactured, offered for sale, sold, promoted and marketed by DePuy for use in implanting DePuy knee implants, including, but not limited to, the Sigma High Performance Partial Knee, in the United States in a manner that practices the method of at least claim 1 of the '821 patent.

69.     On information and belief, Defendants had and continue to have knowledge and are aware of Dr. Bonutti's patents, including the '821 patent.

70.     On information and belief, Defendants have infringed and continue to infringe the '821 patent, directly, indirectly, jointly, literally and by equivalents, by, among other things, encouraging, instructing, contributing to the infringement of, and otherwise encouraging, promoting and inducing surgeons, physicians and medical professionals to use and implant within the United States DePuy knee implants and/or to use DePuy surgical instruments in a manner that practices the method of at least claim 1 of the '821 patent, by, for example, creating and distributing instructions for use and surgical technique guides for DePuy knee implants, including, but not limited to, the Sigma High Performance Partial Knee and associated

18

instruments, and by designing, manufacturing, offering for sale, selling and instructing of surgeons, physicians and medical professionals in the use of instruments specially designed and used for implanting DePuy knee implants, including, but not limited to, the Sigma High Performance Partial Knee, in a manner that practices the method of at least claim 1 of the '821 patent.

71.     On information and belief, Defendants' infringement of the '821 patent is and has been willful and deliberate.

### DAMAGES AND RELIEF

72.     As a consequence of Defendants' infringement of the patents-in-suit, Bonutti Skeletal has been damaged in an amount not yet determined and will suffer additional irreparable damage unless Defendants' infringing acts are enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, Bonutti Skeletal respectfully requests that the Court enter judgment against Defendants:

A.     Determining that Defendants have infringed and continue to infringe one or more claims of the '073 patent;

B.     Determining that Defendants have infringed and continue to infringe one or more claims of the '343 patent;

C.     Determining that Defendants have infringed and continue to infringe one or more claims of the '559 patent;

D.     Determining that Defendants have infringed and continue to infringe one or more claims of the '717 patent;

E.      Determining that Defendants have infringed and continue to infringe one or more claims of the '896 patent;

F.      Determining that Defendants have infringed and continue to infringe one or more claims of the '821 patent;

G.      Preliminarily and permanently enjoining Defendants, its respective officers, agents, servants, directors, employees and attorneys, and all persons acting in concert or participation with it, directly or indirectly, or any of them who receive actual notice of the judgment, from further infringing, inducing others to infringe, or contributing to the infringement of the patents-in-suit;

H.      Ordering Defendants to account for and pay to Bonutti Skeletal all damages suffered by Bonutti Skeletal as a consequence of Defendants' infringement of the patents-in-suit, together with interest and costs as fixed by the Court;

I.      Trebling or otherwise increasing Bonutti Skeletal's damages under U.S.C. § 284 on the grounds that Defendants' infringement of the patents-in-suit was deliberate and willful;

J.      Declaring that this case is exceptional and awarding Bonutti Skeletal its costs and attorneys' fees in accordance with 35 U.S.C. § 285; and

K.      Granting Bonutti Skeletal such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Bonutti Skeletal hereby requests a trial by jury for all issues so triable.

Of Counsel:
STROOCK & STROOCK & LAVAN LLP
Brian M. Rothery
Steven B. Pokotilow
Deepal S. Chadha
180 Maiden Lane
New York, NY 10038
(212) 806-5400

Dated:  September 10, 2012

By: */s/ Dean G. Bostock*
HAYES BOSTOCK & CRONIN LLC
Dean G. Bostock (BBO# 549747)
300 Brickstone Square, 9th Flr.
Andover, MA 01810
Tel: (978) 809-3902
DBostock@hbcllc.com

*Attorneys for Plaintiff Bonutti Skeletal Innovations LLC*